David Berke (SBN 228827)
E-mail: DBerke@cozen.com
Bett N. Taylor (SBN 274400)
E-mail: btaylor@cozen.com
Alexander E. Robinson (SBN 331187)
E-mail: ARobinson@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Facsimile: 213.892.7999

Attorney for Defendant
OUTDOOR NETWORK, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>OUTDOOR NETWORK, LLC, a Florida limited liability company dba BOATS.NET,<br><br>    Defendants. | Case No.<br><br>[Superior Court Case No. 23STCV19530]<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Defendant Outdoor Network, LLC ("Network") hereby removes this putative class action from the California Superior Court for the County of Los Angeles ("State Court") to the United States District Court for the Central District of California, Western Division ("District Court"). This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(3).

## I. OVERVIEW OF CLAIMS ASSERTED AND RELIEF SOUGHT

Network is a Florida Limited Liability Company with its principal place of business in Tampa, Florida. Declaration of Jason Rindge, ("Rindge Decl.") ¶ 2. Boats.net is a fictitious name owned by PowerSports Plus, LLC ("PowerSports"), which is a Georgia limited liability company with its principal place of business is located in Albany, Georgia. Rindge Decl., ¶ 2. Plaintiff Ruth Martin's ("Martin") First Amended Complaint, now alleging a class action, asserts that she accessed Network's website Boats.net while using her smartphone in California. Declaration of Alexander Robinson ("Robinson Decl."), Ex. A (First Amended Complaint ["FAC"] ¶ 4).[1] Martin allegedly used Boats.net's chat feature while accessing the website. *Id*.

Martin now alleges that Network impermissibly allowed a third party called Genesys to embed code into Boats.net's chat feature that "automatically create[s] a transcript for each chat session." *Id*., ¶ 10. According to Martin, Genesys is a "a third-party interceptor and eavesdropper" that monetizes recorded conversations by providing them to other third parties, like Meta (Facebook). *Id*., ¶¶ 10-19. Martin alleges that the recording and sharing of conversations violated the Cal. Penal Code § 631(a) (the California Invasion of Privacy Act ["CIPA"]) and Cal. Penal Code § 502 (the California Unauthorized Access to Computer Act ["CUCA"]). Robinson Decl., Ex. A (FAC ¶¶ 53-64).

As to the relief requested, Martin seeks an injunction on the theory that Network's alleged conduct is ongoing. *Id.*, ¶ 4 (FAC's Prayer for Relief). She also asks for statutory damages allowed under CIPA, and for her reasonable attorneys' fees. *Id.*, ¶¶ 5-6 (FAC's Prayer for Relief).

Martin defines the putative class as follows:

---

[1] Plaintiff's original complaint was a single plaintiff complaint and did not contain any allegations of a proposed class action. Robinson Decl., Ex. B (Original Complaint).

> All persons within the state of California who within the statute of limitations period: (1) visited Defendant's website; and (2) whose communications were recorded and/or eavesdropped upon without prior consent or whose identity was shared without consent as described above;

*Id.*, ¶ 47. Martin further alleges that the putative class consists of "at least 50 members." *Id.*, ¶ 48.

## II.   REMOVAL IS PROPER UNDER CAFA

This Court has jurisdiction under CAFA because this lawsuit is a purported class action (Compl. ¶¶47-52) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal).

### a.  Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff alleges that she is a citizen of California. Robinson Decl., Ex. A (FAC ¶ 4). As a limited liability company, for purposes of CAFA removal, Network is a citizen of the state in which it is incorporated (Florida) and its principal place of business (Florida) under 28 U.S.C. § 1332(d)(10). *See Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021); *Lipp v. Carvin Software, LLC*, 2023 U.S. Dist. LEXIS 88276, *2-3 (C.D. Cal. May 18, 2023); *Johnson v. R&L Carriers Shared Servs., LLC*, 2:22-cv-01619, 2022 WL 1568898, at *2 n. 1 (C.D. Cal. May 18, 2022); Rindge Decl., ¶ 2.[2] Accordingly, Network is not a citizen of California, and minimal diversity exists.[3]

---

[2] Although not named as a defendant, PowerSports is a citizen of Georgia where it is incorporated and has its principal place of business. Rindge Decl., ¶ 2. Therefore, even if PowerSports was named, minimal diversity exists because PowerSport is also not a citizen of California.

[3] As cited above, the analysis for citizenship of an LLC is different under CAFA compared to a typical diversity analysis. For non-CAFA cases, the citizenship of a

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

### b. The Amount in Controversy Exceeds $5,000,000

The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs" as set forth herein. 28 U.S.C. § 1332(d)(2). The civil statutory penalty for a CIPA violation is $5,000, *see* Cal. Penal Code § 637.2. At least 1,001 people within the State of California accessed Boats.net and interacted with the Boats.net's chat feature within the last year. Rindge Decl., ¶ 3. Accordingly, the amount in controversy exceeds the sum of $5,000,000 (1,001 x $5,000 = $5,005,000). The amount-in-controversy requirement therefore is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124-25 (9th Cir. 2013) (holding that a defendant may remove to federal court "on the basis of its own information").

### c. No Exception Applies

As set forth below, none of the exceptions to CAFA apply here.

Under 28 U.S.C. § 1332(d)(4)[4], CAFA does not extend federal diversity jurisdiction to class actions in which more than two-thirds of the members of the proposed class are citizens of the State in which the action was originally filed, at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the asserted claims is a citizen of the State in which the action was originally filed, and the principal injuries occurred in the State in which

---

limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir. 2006). If a member of an LLC is itself an LLC, the citizenship of all sub-members of those entities must be considered for diversity jurisdiction purposes. *V & M Star, LP v. Centimark Corp.*, 596 F3d 354, 356; *Volvo Commer. Fin. v. Cole*, 2011 U.S. Dist. LEXIS 62802 * 2 (C.D. Cal. 2011). Even under this analysis, minimal diversity exists for CAFA removal purposes, as none of the members of Network or PowerSports are California citizens. (Rindge Decl., ¶ 2).

[4] Plaintiff bears the burden of establishing that the "local controversy" exception applies. *See, e.g.*, *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

COZEN O'CONNOR
601 S. FIGUEROA STREET, SUITE 3700
LOS ANGELES, CA 90017

the action was originally filed. Network is the only named defendant. Robinson Decl., Ex. A (FAC, *generally*). Network is a citizen of Florida (Rindge Decl., ¶ 2); it is not citizens of California, the State in which the action was originally filed.[5] Accordingly, the provisions of 28 U.S.C. § 1332(d)(4) do not preclude the exercise of federal jurisdiction.[6]

Under 28 U.S.C. §§ 1332(d)(5), CAFA does not extend federal diversity jurisdiction to class actions in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" or "the number of members of all proposed plaintiff classes in the aggregate is less than 100." Here, Defendant is a limited liability company, not a state, state official, or other governmental entity. Further, at least 1,001 people within the State of California accessed Boats.net and interacted with the Boats.net's chat feature within the last year, and therefore, the alleged class is more than 100 plaintiffs. Rindge Decl., ¶ 3. Accordingly, the provisions of 28 U.S.C. § 1332(d)(5) do not preclude the exercise of federal jurisdiction.

Under 28 U.S.C. § 1332(d)(9), CAFA does not extend federal diversity jurisdiction to class actions involving claims solely concerning: (A) securities covered under the federal securities laws; (B) a corporation's internal affairs or governance; or (C) the "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." *See* 28 U.S.C. § 1332(d)(9)(A)-(C). The allegations in the FAC do not relate to these claims. Robinson Decl., Ex. A (FAC., *generally*). Accordingly, the provisions of 28 U.S.C. § 1332(d)(9) do not preclude the exercise of federal jurisdiction.

---

[5] Although PowerSports, the entity that owns the dba Boats.net, is not named; even if it were, the analysis would not change as PowerSports is a citizen of Georgia and is not a citizen of California (Rindge Decl., ¶ 2).

[6] Similarly, the discretionary exception under section 28 U.S.C. § 1332(d)(3) does not apply because the only named defendant, Network, is not a citizen of the state in which the class action was original filed.

For the foregoing reasons, this action is removable pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

This notice is timely. Although this case was not removable under CAFA when originally filed, it became removable on October 18, 2023, when Plaintiff served the FAC for the State Court Action on Network via email, which added claims for a class action. Robinson Decl., Ex. A [FAC ¶¶ 47-52; FAC's Proof of Service]. 30 days later is November 17, 2023. Accordingly, the due date to file removal is November 17, 2023. 28 U.S.C. § 1446(b).

As this Notice of Removal is filed within 30 days of service of the FAC on Network, it is timely under 28 U.S.C. §§ 1446(b)(3) and 1453. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021).

Network will timely file this notice with the State Court today, along with an executed copy of the Notice of Filing Notice of Removal. Network is also serving those filings on Martin today. 28 U.S.C. § 1446(d).

Dated: November 17, 2023         COZEN O'CONNOR

By: _____
David Berke
Brett N. Taylor
Alexander E. Robinson
Defendant OUTDOOR NETWORK, LLC